## KLEIN *v.* INSURANCE COMPANY.

1. Where a penalty or a forfeiture is inserted in a contract merely to secure the performance or enjoyment of a collateral object, the latter is considered as the principal intent of the instrument, and the penalty is deemed only as accessory.
2. A condition in a policy of life insurance, that if the stipulated premium shall not be paid on or before a certain day the policy shall cease and determine, is of the very essence and substance of the contract. Against a forfeiture caused by failure so to pay, a court of equity cannot relieve.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Hiram Barber, Jr.,* for the appellant.
*Mr. Francis H. Kales, contra.*

MR. JUSTICE WOODS delivered the opinion of the court.

On Sept. 1, 1866, a policy of insurance was issued by the New York Life Insurance Company upon the life of Frederick W. Klein, in the sum of $5,000, payable to his wife, Caroline Klein, within sixty days after his death and due notice and proof thereof.

The policy is in the usual form. The consideration for its issue was the payment to the company by Caroline Klein of an annual premium of $173, in semi-annual instalments of $86.50 each, on the first day of September and the first day of March of every year during the life of Frederick W. Klein.

The policy contains the following provision : " And it is also understood and agreed by the within assured to be the true intent and meaning hereof that . . . in case the said Caroline Klein shall not pay the said premiums on or before the several days herein mentioned for the payment thereof, with any interest that may be due thereon, then and in every such case the said company shall not be liable for the payment of the sum assured or any part thereof, and this policy shall cease and determine."

The premiums were punctually paid until March, 1871, when default was made in the payment of the semi-annual

instalment which matured on the first day of that month,
and it remained unpaid until the death of Frederick W.
Klein, which occurred March 18, 1871.

The agent of the company, after proof of the death of Klein,
offered to pay Caroline Klein the surrender value of the policy.
She declined to accept any sum less than the amount of the
insurance, and on the company then insisting upon the absolute
forfeiture of the policy, according to its terms, she filed this
bill.

She therein alleges as the ground of relief that the policy
was taken out by Frederick W. Klein without her knowl-
edge; that she had received no information of its terms or con-
ditions until after his death; that about February 1 he was
taken down by the illness of which he died; that for about
twenty days prior to March 1, and thence up to the time of
his death, he was, in consequence of his sickness, deranged in
mind and incapable of attending to any matter of business
whatever, and for that reason, and that alone, failed to pay
the premium when it was due, and that she failed to pay it
because she was ignorant of the existence of the policy and of
its terms.

The prayer of the bill is as follows: " That the said New
York Life Insurance Company may be prevented from insist-
ing upon and taking advantage of the alleged forfeiture of said
policy of insurance, and that your oratrix may be relieved from
said alleged default upon her part, and the accidental default of
the said Frederick W. Klein in the non-payment of said semi-
annual premium maturing March 1, 1871, and that the said
New York Life Insurance Company may be decreed to pay to
your oratrix the said sum of $5,000," &c.

The answer of the company denies its liability upon the
policy of insurance, and insists that the contract ceased and
determined by reason of the non-payment of the premium due
March 1, 1871, and denies the equity of the bill.

The bill was dismissed upon final hearing. The cause was
then brought to this court for review, by the appeal of the
complainant.

Conceding, for the sake of argument, that the case made by
the bill is sustained by the evidence, the question is presented

whether, upon the facts, the appellant was entitled to the relief prayed for.

In *New York Life Insurance Co.* v. *Statham* (93 U. S. 24) it was held by this court, Mr. Justice Bradley delivering its opinion, that a life insurance policy " is not a contract of insurance for a single year, with the privilege of renewal from year to year by paying the annual premium, but that it is an entire contract for assurance for life, subject to discontinuance and forfeiture for non-payment of any of the stipulated premiums."

But, in the same case, the court further said : " In policies of life insurance time is material and of the essence of the contract, and non-payment at the day involves absolute forfeiture, if such be the terms of the contract."

While conceding this to be the rule which would apply if an action at law were brought upon the policy, the appellant insists that she is entitled to be relieved in equity against a forfeiture, by reason of the excuses for non-payment of the premium set out in the bill, and this contention raises the sole question in this case.

We cannot accede to the view of the appellant. Where a penalty or a forfeiture is inserted in a contract merely to secure the performance or enjoyment of a collateral object, the latter is considered as the principal intent of the instrument, and the penalty is deemed only as accessory. *Sloman* v. *Walter*, 1 Bro. Ch. 418 ; *Sanders* v. *Pope*, 12 Ves. Jr. 282 ; *Davis* v. *West*, id. 475 ; *Skinner* v. *Dayton*, 2 Johns. (N. Y.) Ch. 526.

But in every such case the test by which to ascertain whether relief can or cannot be had in equity, is to consider whether compensation can or cannot be made.

In *Rose* v. *Rose* (Amb. 331, 332), Lord Hardwicke laid down the rule thus : " Equity will relieve against all penalties whatsoever ; against non-payment of money at a day certain ; against forfeitures of copyholds : but they are all cases where the court can do it with safety to the other party ; for if the court cannot put him in as good condition as if the agreement had been performed, the court will not relieve."

A life insurance policy usually stipulates, first, for the payment of premiums ; second, for their payment on a day cer-

tain; and, third, for the forfeiture of the policy in default of punctual payment. Such are the provisions of the policy which is the basis of this suit.

Each of these provisions stands on precisely the same footing. If the payment of the premiums, and their payment on the day they fall due, are of the essence of the contract, so is the stipulation for the release of the company from liability in default of punctual payment. No compensation can be made a life insurance company for the general want of punctuality on the part of its patrons.

It was said in *New York Life Insurance Co.* v. *Statham* (*supra*), that "promptness of payment is essential in the business of life insurance. All the calculations of the insurance company are based on the hypothesis of prompt payments. They not only calculate on the receipt of premiums when due, but upon compounding interest upon them. It is on this basis that they are enabled to offer insurance at the favorable rates they do. Forfeiture for non-payment is a necessary means of protecting themselves from embarrassment. Delinquency cannot be tolerated or redeemed except at the option of the company."

If the assured can neglect payment at maturity and yet suffer no loss or forfeiture, premiums will not be punctually paid. The companies must have some efficient means of enforcing punctuality. Hence their contracts usually provide for the forfeiture of the policy upon default of prompt payment of the premiums. If they are not allowed to enforce this forfeiture they are deprived of the means which they have reserved by their contract of compelling the parties insured to meet their engagements. The provision, therefore, for the release of the company from liability on a failure of the insured to pay the premiums when due is of the very essence and substance of the contract of life insurance. To hold the company to its promise to pay the insurance, notwithstanding the default of the assured in making punctual payment of the premiums, is to destroy the very substance of the contract. This a court of equity cannot do. *Wheeler* v. *Connecticut Mutual Life Insurance Co.*, 82 N. Y. 543. See also the opinion of Judge Gholson in *Robert* v. *New England Life Insurance Co.*, 1 Disney (Ohio), 355.

It might as well undertake to release the assured from the payment of premiums altogether as to relieve him from forfeiture of his policy in default of punctual payment. The company is as much entitled to the benefit of one stipulation as the other, because both are necessary to enable it to keep its own obligations.

In a contract of life insurance the insurer and assured both take risks. The insurance company is bound to pay the entire insurance money, even though the party whose life is insured dies the day after the execution of the policy, and after the payment of but a single premium.

The assured assumes the risk of paying premiums during the life on which the insurance is taken, even though their aggregate amount should exceed the insurance money. He also takes the risk of the forfeiture of his policy if the premiums are not paid on the day they fall due.

The insurance company has the same claim to be relieved in equity from loss resulting from risks assumed by it as the assured has from loss consequent on the risks assumed by him.

Neither has any such right.

The bill is, therefore, based on a misconception of the powers of a court of equity in such cases.

There is another answer to the case made by the bill. The engagement of the insurance company was with Caroline Klein, and not with Frederick W. Klein. It entered into no contract with the latter. It agreed to pay Caroline Klein the insurance, provided she paid with punctuality the premiums. She was never incapacitated from making payment. The alleged fact that she had no knowledge of the existence and terms of the policy does not relieve her default. If the fact be true, her ignorance resulted from the neglect of her husband, who, in respect to this contract of insurance, was her agent, in not informing her about the insurance upon his life and the terms of the policy. The bill is, therefore, an effort by her to obtain relief in equity against the appellee from the consequences of the carelessness or neglect of her own agent.

We are of opinion that the decree of the Circuit Court is right, and should be

*Affirmed.*