SMITH v. NEW ENGLAND MUT. LIFE INS. CO.

(Circuit Court of Appeals, Third Circuit. October 18, 1894.)

No. 26.

1. LIFE INSURANCE—NONPAYMENT OF PREMIUM.
    The giving of a note for a premium to an agent, who had no power to postpone payment of the premium or to substitute anything for it, which was never accepted by the company or brought to its knowledge, will not keep alive a policy which provides that the company assumes no risk except for that portion of the year for which the premium shall have been actually paid in cash in advance.

2. SAME—PAYMENT OF PREMIUM.
    The acceptance of payment of a quarterly premium and of premium notes 73 days, 50 days, 120 days, and 30 days, respectively, after they were due, in one year, does not show such a course of dealing as justifies the assured in believing that punctuality in paying premiums is not required, so as to excuse delay in paying premiums the following year.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

This action was brought by Aline M. Smith against the New England Mutual Life Insurance Company on a policy of insurance for $10,000 issued on the life of Zant McD. Smith. Another action was brought at the same time on another policy, like, in all respects, to the one in this action, and the two cases were tried together. The policies contained the following conditions:

"General agents appointed directly by the company are alone authorized to receive premiums at the day when payable, and not afterwards, but can-

not give credit, or make, alter, or discharge contracts, or waive forfeiture; and no alteration or waiver of the conditions of this policy shall be valid unless made in writing at the office in Boston, and signed by the president or secretary." "All premiums due on this policy shall be paid in advance, but any annual premium may, at the election of the assured, be paid in cash, either in one sum, or in semiannual or quarterly installments, to be secured by the notes of the assured; it being understood that the company assumes no risk for the period covered by such deferred payments, but only for that portion of the year for which the premium shall have been actually paid in cash, in advance, and that in case of loss all such deferred payments are to be deducted from the amount payable."

The premiums due May 24, 1891, were not paid until August 5th of the same year, or 73 days after they were due, and the three installment premium notes were not paid for 50 days, 120 days, and 30 days, respectively, after they were due. When the premiums fell due May 24, 1892, the assured delivered to the local agent at Pittsburgh premium vouchers for $46.90 on each policy, and premium notes for three quarterly installments, and an ordinary promissory note, payable in 30 days to the order of defendant, for $86.61, with interest, for the balance of the first quarterly installments on both policies. This note and the regular premium notes were never paid. The assured died November 22, 1893, and, the company having refused to pay the amount of the policies, two suits were brought, and by agreement of counsel were tried together, and a verdict rendered in each case, under instructions of the court, for the amount of paid-up insurance due on the policies, under the Massachusetts statute, as lapsed policies. A writ of error was taken by plaintiff in only one case, counsel having agreed that the decision in this case should be treated as applicable to the other.

W. K. Jennings, for plaintiff in error.

Shiras & Dickey, for defendant in error.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The suit is on a policy of insurance for $10,000, issued on the life of Zant McD. Smith, dated May 24, 1890, which recites as a condition, the payment of a premium by the assured of $352, at its date, and the payment of like premiums on or before the 24th of May in every year thereafter until 34 such premiums have been paid, or during the term of Mr. Smith's life if he shall die within 34 years of its date. The defendant is a corporation of the state of Massachusetts, and the policy recited that it is issued "subject to the provisions of the insurance act" of that state; the 76th section of which was indorsed and provides that "no policy of life insurance thereafter issued by any domestic corporation shall become forfeited or void for nonpayment of premiums after two full annual premiums have been made, but in case of default of payment thereafter then without any further stipulation or act, such policy shall be binding on the company for the amount of paid-up insurance," to be computed and valued according to a prescribed rule. Mr. Smith paid two full annual premiums. Whether he paid or tendered another, which fell due May 24, 1892,

or was excused from doing so, is the question raised. The company, treating him as in default for failure to pay, refused payment subsequently, because, as it asserted, the policy had lapsed.

Under direction of the court, a verdict was rendered for the plaintiff in the amount of paid-up insurance under the statute, only. The plaintiff appealed and assigned the following errors:

"First: The court erred in refusing to affirm the plaintiff's first point, which was as follows:

" 'If the jury believe from the evidence that Z. McD. Smith, the insured, on the 24th day of May, 1892, signed and delivered to the defendant company a dividend receipt or voucher for $46.90 in each policy, authorizing the company to apply the same on the premiums then due; that he gave his three premium notes upon the forms provided by the company, payable in three, six and nine months, in accordance with the company's custom, and also gave an ordinary promissory note for $82.61, payable in thirty days, being for the balance of the cash payment of premium in each policy, to wit, $1.10, with interest on the note, and that the same were accepted by the company in payment of the annual premiums due that day upon policies Nos. 88,946 and 88,947; that said policies were thereby continued in force for another year, and said company having afterwards refused payment of said ordinary note and attempted to cancel said policy, and the said Smith having subsequently died, plaintiffs are entitled to recover in each case, and the verdict should be for the full amount of the policies, with interest from the insured's death.'

"Second: The court erred in refusing to affirm the plaintiff's second point, which was as follows:

" 'If the jury believe, from the evidence, that the previous course of dealings between the insured and the company in regard to receiving payment of overdue premiums at any time within ninety days from the date that they fell due had been such as to lead him to believe that the same course will be pursued in regard to the small portion of the annual premium due May 24, 1892, covered by the promissory note for $82.61, mentioned in the first point, and that he tendered payment thereof within ninety days of its date in good faith, the defendant company should have accepted payment and had no right to forfeit the policy, and for that reason, in addition to the one set out in the first point, the verdict should be for the plaintiffs in each case for the full amount of the policy, with interest from the date of the decedent's death.'

"Third: The court erred in affirming the first point of the defendant, which was as follows:

" 'That under all the evidence the verdict must be for the defendant except as to the paid up value of the policy as set forth in the defendant's third point.'

"Fourth: The court erred in the general charge in stating that

" 'Mr. Dermitt had no authority to accept the insured's note at thirty days instead of cash; besides the evidence does not justify the finding that he did so accept the note for $82.61. The company itself did not accept that note or authorize the acceptance thereof, and knew nothing of the transaction.'

"Fifth: The court erred in the general charge in stating that

" 'The indulgence which Mr. Smith received in the year 1891 did not excuse his default in 1892. The evidence in the opinion of the court does not justify the finding that Mr. Smith was misled.' "

The only questions raised are those presented by the first and second assignments. Were the answers to the points therein recited erroneous?

To the first of these points the court said:

"This point is refused, because, in the opinion of the court, it is not warranted by the evidence in the case Mr. Dermitt had no authority to accept the assured's note at 30 days instead of cash; besides, the evidence does not

justify the finding that he did so accept the note for $82.61. The company itself did not accept that note or authorize the acceptance thereof, and knew nothing of the transaction."

This answer seems fully justified by the evidence. A careful examination has not discovered anything to warrant a belief that Mr. Dermitt undertook to accept the note mentioned, in payment of the premium; and besides it is clear that if he had so undertaken his act would have been unauthorized, and therefore ineffectual. He had no power to postpone payment of the premium, or to substitute anything for it. The defendant, personally neither accepted the note nor knew of its existence.

To the second point the court replied:

"Under the uncontradicted evidence this point is refused. The evidence does not warrant its affirmance. The indulgence which Mr. Smith received in the year 1891 did not excuse his default in 1892. The evidence in the opinion of the court does not justify a belief that Mr. Smith was misled."

We do not see how the point could have been answered differently. We find no evidence to warrant its submission. The dealing referred to was slight, and standing alone would not justify a belief that Mr. Smith thought himself excused from the obligation to make prompt payment. But it is clear that he did not so think—that he was not betrayed or misled into delay; for it distinctly appears that he was repeatedly warned, in ample time, of the necessity of prompt payment, and the danger of delay.

There is no room for question about the rules of law applicable. A course of dealing which justifies the assured in believing that punctuality in paying premiums is not required, or will be excused, will relieve him from the consequences of delay, as was held in Insurance Co. v. Unsell, 144 U. S. 439, [12 Sup. Ct. 671.] But it must be dealing which actually creates such belief, and justifies a jury in finding its existence. The assured seeking relief from the terms of his contract must prove they were waived or that he was misled. Punctuality in paying premiums is of the essence of such contracts, and the consequences of delay can only be avoided by waiver, or other sufficient excuse; Thompson v. Insurance Co., 104 U. S. 252; Statham v. Insurance Co., 93 U. S. 24; Klein v. Insurance Co., 104 U. S. 88; Miles v. Insurance Co., 147 U. S. 177, [13 Sup. Ct. 275.]

A discussion of the evidence involved would extend the opinion without serving any useful purpose. The case was well tried, and the conclusion reached the only one admissible. The assured acquiesced in the company's position—that his policy had lapsed—and accordingly neither paid nor tendered subsequent premiums, but treated the policy as a security simply for the interest acquired under the statute. Had his life been continued the claim now made would never have been urged or thought of; his early death alone suggested it. Had he lived ten years longer without payment or tender, this claim would then have been as reasonable as it is now.

The judgment is affirmed.