## Tibbits *v.* Mutual Benefit Life Insurance Company.

[No. 19,975. Filed January 14, 1903.]

Insurance.—*Payment of Premium.—Forfeiture.—Complaint.*—Where a life insurance policy provided that failure to pay the premium on a certain day should work a forfeiture of the policy, an allegation in the complaint, in an action on the policy, that the policy was not delivered, and did not take effect, until five days after its date is not sufficient to show a change in the contract as to time of payment of premiums and avoid a forfeiture of the policy for failure to pay the premium at the time stipulated therein.

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Addie L. Tibbits against the Mutual Benefit Life Insurance Company on an insurance policy. From

a judgment for defendant, plaintiff appeals.    Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*G. A. Deitch* and *R. J. Brennen,* for appellant.

*Elmer Marshall, Henry Seyfried* and *J. W. Holtzman,* for appellee.

DOWLING, J.—Appellant sued appellee upon a policy of insurance issued by the latter upon the life of one John C. Tibbits, the husband of the appellant, payable to her, which contained this condition:   "This policy witnesseth that the Mutual Benefit Life Insurance Company, in consideration of the  *  *  *  sum of $22.52 to it in hand paid by John C. Tibbits, and of the quarter-annual premium of $22.52 to be paid at or before twelve o'clock m. on the 25th day of April, July, October, and January, in every year, during the continuance of this policy, does insure the life of John C. Tibbits  *  *  *  in the amount of $2,000 for the term of life, payable to Addie L. Tibbits, wife of John C. Tibbits, in case she survives the insured.  *  *  *  Provided, that in case the said premiums shall not be paid on or before the several days hereinbefore mentioned for the payment thereof  *  *  *  then, and in every such case, this policy shall cease and determine," etc.

It is alleged that the insured died August 10, 1898; and it is admitted that the quarter-annual premium required to be paid on or before twelve o'clock m. July 25, 1898, was not paid.   In the third paragraph of the complaint the failure of the insured to pay the quarter-annual premium falling due July 25, 1898, is excused on the ground that the policy, though dated April 25, 1898, was not, in fact, delivered to the insured, and by its terms did not take effect, until April 30, 1898, at which date the first premium was paid, and, therefore, that the next quarter-annual premium did not become due until the 30th day of July; that on the 25th day of July, 1898, the agent of the appellee notified the insured that unless the said premium should be paid at or before twelve o'clock noon of said 25th day of

July, 1898, the company would not after that time receive it, but would insist upon the forfeiture of the policy according to its terms.   The reasons stated in the fourth paragraph of the complaint for the failure of the insured to pay the premium at or before noon, July 25, 1898, were substantially the same as those set forth in the third paragraph. In the fifth paragraph it is claimed that the insured had the right, according to the terms of the policy, to pay said premium at any time on said 25th day of July, 1898, and that the demand of the appellee that said premium be paid at or before twelve o'clock noon of that day was wrongful and oppressive, and not authorized by the policy.   Demurrers were sustained to the third, fourth, and fifth paragraphs of the complaint, and these rulings are assigned for error.

The only question presented is whether the excuses pleaded by appellant for the failure to pay the premium claimed to be due July 25, 1898, or any of them, were sufficient in law to avoid the forfeiture of the policy.   We have no hesitation in saying that they were not.   The payment of the premium at the very time fixed by the policy was a condition precedent on which the liability of the appellee was expressly declared to depend.   The condition was a valid and an important one.   *Klein* v. *Insurance Co.,* 104 U. S. 88, 26 L. Ed. 662; *Smith* v. *New England, etc., Ins. Co.,* 28 U. S. App. 48, 11 C. C. A. 411, 63 Fed. 769; *New York Life Ins., Co.* v. *Statham,* 93 U. S. 24, 23 L. Ed. 789.

The policy as written and accepted by the insured was the contract of the parties; and, in the absence of fraud or mistake, both were bound by its terms.   *Dover, etc., Co.* v. *American Fire Ins. Co.,* 1 Marvel (Del.) 32, 29 Atl. 1039, 65 Am. St. 264, 269; *Thomas* v. *Prudential Ins Co.,* 158 Ind. 461.

Without regard to the time of the delivery of the policy, or of its taking effect, they had the right to fix the date at

which each premium should become due. . They did agree that the first quarter-annual premium should be payable July 25, 1898, at or before twelve o'clock m. of that day. Any other day in the month, before or after July 25th, might have been named by them, or the premium for the whole year might have been made payable on a day named in the policy. Both parties would have been bound by such an agreement. If at the time of the application for the policy the insured had executed his promissory note for the first quarter-annual premium, payable July 25, 1898, at or before noon, certainly, in the absence of fraud or mistake, he would have been bound to pay it at that time. He accepted the policy as it was written, with the stipulation that the premiums should be paid at or before certain days and hours. No objection was made by the insured to the terms of the policy, and he kept it by him until he died. No claim was made by him that there was a mistake in the instrument, or that the premiums were not payable precisely, as stated. *Wood* v. *Lindley*, 12 Ind. App. 258.

We can discover no inconsistency in the conditions of the policy as to the time when the premiums became due, nor as to the effect of a failure, without sufficient excuse, to pay them when due. The exact time at which the premiums were to be paid was clearly designated, and the subsequent clause of forfeiture, declaring that "in case the said premium shall not be paid on or before the several days hereinbefore mentioned for the payment thereof, * * * then, and in every such case, this policy shall cease and determine," did not have the effect of changing and extending the time within which payment of the premiums might be made, so as to authorize their payment after noon and at any time during the several days on which they were made payable. The clause of the policy fixing the time of payment is definite and particular. The clause providing for the forfeiture, in case of the non-payment of a premium, is general in its terms, and does

not undertake to fix the time of payment, but expressly refers to the preceding clause. The construction contended for by the appellant would render nugatory the clause which definitely fixed the time for the payment of the premiums. Such a reading of the instrument would violate a well established rule of construction, and can not be adopted.

The specific allegations of the complaint, showing that the premium was not paid when due, and alleging no sufficient excuse for such breach of the contract, control the more general one of performance of the conditions of the contract by the insured, and make it clear that there was such a breach of the terms of the policy as would defeat a recovery thereon. The failure of the insured to pay the premium falling due July 25, 1898, at or before noon, rendered the policy void. *Forbes* v. *Union Central Life Ins. Co.*, 151 Ind. 89; *Willcuts* v. *Northwestern, etc., Ins. Co.*, 81 Ind. 300; *Phenix Ins. Co.* v. *Tomlinson*, 125 Ind. 84, 21 Am. St. 203, 9 L. R. A. 317; 16 Am. & Eng. Ency. Law (2d ed.), 857, note 7; *Klein* v. *Insurance Co.*, 104 U. S. 88, 26 L. Ed. 662; *New York Life Ins. Co.* v. *Statham*, 93 U. S. 24, 23 L. Ed. 789.

As none of the paragraphs of the complaint stated a sufficient excuse for the nonpayment of the premium at the time it became due, the court did not err in sustaining the demurrers. Judgment affirmed.