EFFIE L. PLADWELL, Plaintiff, *v.* TRAVELERS' INSURANCE COMPANY, Defendant.

Supreme Court, New York County, February 13, 1929.

*Single & Single* [*Paul D. Compton* of counsel], for the plaintiff.
*William J. Moran*, for the defendant.

MAHONEY, J. The plaintiff seeks to recover on a policy of life insurance issued by defendant upon the life of her husband, who died July 7, 1924. The case was tried before me without a jury, with a stipulation that a verdict was to be directed by the court with the same force and effect as if rendered by a jury. The facts in the case were stipulated. On or about the 13th of September, 1922, defendant issued its certain policy of life insurance upon the life of Arthur E. Pladwell, plaintiff's husband, whereby it insured him in the sum of two thousand five hundred dollars, in accordance with the terms and provisions of the policy. Plaintiff was designated as the person to whom the proceeds of such insurance policy were to be paid upon the death of the insured. The said policy of life insurance was delivered by defendant to the said Pladwell on or about September 21, 1922, at which time the insured paid to the defendant the first semi-annual premium in the sum of thirty-seven dollars and ninety-eight cents. On or about March 13, 1923, and September 13, 1923, the insured paid the semi-annual premiums due on said dates, respectively, according to the terms and provisions of the policy, which payments were duly receipted for by the defendant company. In the written receipt given by the defendant to the insured for the payment made on September 21, 1922, the premium is stated as " due 1922, September 13." On February 15, 1924, defendant gave to the insured a written notice to the effect that the semi-annual premium of thirty-seven dollars and ninety-eight cents was due March 13, 1924.

On the 7th of April, 1924, defendant wrote the insured a letter as follows: " We recently called your attention to the fact that the premium of $37.98 due March 13, 1924, had not been paid. The grace period will expire April 13, 1924, and we trust that you intend to remit the premium before that date. If the contract lapses it can be reinstated only upon satisfactory evidence of your insurability and the payment of overdue premiums with interest. The contract has many liberal features and the protection afforded cannot be canceled without loss on your part. We shall be glad to give you any information you may desire in connection with your life insurance in this company and hope that our business relations may be continued "

On or about April 8, 1924, the insured paid to the defendant the sum of twelve dollars and sixty-eight cents in cash, and gave to the defendant his note, dated March 13, 1924, for twenty-five dollars and fifty-five cents, payable two months after said date. The note contains the following provision: " This note is given in part payment of the semi-annual premium due March 13, 1924, on life contract No. 841352 issued by The Travelers Insurance Company, and all claims to further insurance thereunder and all benefits whatever which full payment in cash of said premium would have secured shall be immediately void and forfeited to The Travelers Insurance Company if this note shall not be paid at maturity, except as otherwise provided in the contract itself." This note was never paid. The insured died, as above indicated, July 7, 1924.

Among the stipulated facts was the following: " The insurance herein under the policy, Exhibit A, automatically continued as term insurance for a period of 52 days, that is, 31 days for the first year and 21 days with respect to the second year, said 21 days being that proportion of the additional 31 days extended insurance provided for the second year that the amount of premium paid during the second year bears to the total second year's premium, to wit, 50.-64 /75.96ths of 31 days, or 21 days, the $50.64 being the amount paid by the insured on account of the second year's premium, and the $75.96 being the amount of the premiums for a full year."

The policy was executed by the defendant September 13, 1922. It contains a clause: " The insurance shall be effective from September 13, 1922. The insurance years and all subsequent provisions for cash loans, cash values, paid-up and automatic term insurance are computed from that date." So far as the payment of premiums is concerned, it provides: " The first such payment shall be made on the delivery of this contract, and a like payment on or before the thirteenth day of September and March in each year until premiums for twenty full years shall have been paid or until the prior death of the insured, but no such payment will be required during permanent total disability after receipt by the company of due proof thereof."

Respecting payment of premiums, among the special privileges as granted, is the following: "A grace of thirty-one days during which the contract will remain in full force will be allowed in the payment of all premiums except the first. If death shall occur within the grace period the unpaid premium, if any, will be deducted from the amount payable hereunder." Among the non-forfeitable privileges is the following: " If any premium shall not be paid on or before the date when due, and if there shall be no indebtedness to the company, the insurance will automatically continue from said

due date as term insurance during the term, including the period of grace, specified in column 3 of the accompanying table. * * *"
Said third column, headed " Insurance Automatically Continued," provides thirty-one days after the expiration of one year of the life of the policy and sixty-two days after the expiration of two years of the life of the policy.

As heretofore noted, it is stipulated for the purpose of this trial, in view of the provisions of the policy heretofore referred to, that the insurance under the policy continued as term insurance for a period of fifty-two days. The defendant claims that, the insured having died July 7, 1924, such date was altogether outside of the insurable period provided in the policy, in view of the failure of the insured to pay the full semi-annual premium due March 13, 1924.

I am informed that the question that arises in connection with this case is quite novel and interesting, for the reason that the point raised herein has not previously been passed upon by any adjudicated case in this State. The insurance company contends that the extended insurance period should begin on May 13, 1924, which was one year and eight months after the date the policy was executed by the company. It claims, therefore, that the policy was automatically continued as term insurance for a period of fifty-two days from due date of the note, which was May 13, 1924, or until July 4, 1924, as defendant alleges in its answer. The case of the plaintiff, on the other hand, is based in a great measure upon a provision in the printed portion of the application, wherein it is stated " that the contract issued hereupon shall not take effect unless the first premium shall be actually paid while I am in good health." Whereas the defendant would grant to the insured term insurance for a period of fifty-two days from the due date of the note, which was May 13, 1924, or until July 3, 1924, the plaintiff contends that the term insurance under all the provisions of the policy would extend for a period of fifty-two days from May 21, 1924, or to and including July 11, 1924.

This contention is based upon the claim that the policy did not actually become effective until the date upon which the first premium was actually paid, viz., September 21, 1922; in other words, both parties agree as to the number of months and days the insurance was extended, but they differ in their claims as to the date from which the insurance should be extended. If, under all the circumstances of the case, the plaintiff is correct in his contention, the plaintiff would be entitled to a verdict. It has been repeatedly held in cases involving the interpretation of insurance policies that the policy is a contract between the parties, and that the court has no right to read into any such contracts provisions not therein

contained. Although it seems to be conceded that, if the insured had died between September 13, 1922, and September 21, 1922, the plaintiff would have no claim under the policy, it is claimed by the defendant that the fact that the insured did live and did pay the premium on September 21, 1922, the policy did become effective from September 13, 1922, the date from which it was provided there should be computed cash loans, cash values, paid-up and automatic term insurance.

I feel myself forced to agree with the defendant in the contention which it makes. No words could be clearer than that " this insurance shall be effective from September 13, 1922." Although it is true the application contains the words " the contract issued hereunder shall not take effect unless the first premium shall be actually paid while I am in good health," I do not believe that such words had the force of changing or modifying the effective date, September 13, 1922, contained in the contract itself. Of course, the contract would not take effect, unless the first premium shall be actually paid, but, when the premium was actually paid, then the contract in its entirety did take effect, and that means that all of its provisions became effective. The moment the first premium was paid, all provisions of the contract took effect; then an advantage was granted to the insured or his beneficiary in having the effective date a date earlier than the payment of the first premium, because the benefits that could be derived from the policy were then computed from September 13, 1922, and not from the date of the actual payment of the first premium. In the brief submitted by plaintiff's counsel, it is the fact that many of the cases cited would have the effect of supporting the claims made on behalf of the plaintiff. I reach the conclusion, however, that the weight of judicial utterance is against the plaintiff and in favor of the defendant's claim. Quite recently the United States Circuit Court of Appeals for the Fifth Circuit held as follows in *McCampbell* v. *New York Life Ins. Co.* (288 Fed. 465, 469): " The time when a premium is due should be definite, and that cannot be if the date upon which the first premium was in fact paid should fix the dates upon which subsequent premiums should be paid. Therefore the date mentioned in the policy for the payment of premiums governs. The date when the first premium was paid, which is almost always uncertain, and in most instances impossible of ascertainment, is immaterial. *McConnell* v. *Provident Savings Life Assurance Society*, 34 C. C. A. 663, 92 Fed. 769; *Johnson* v. *Mutual Benefit Life Ins. Co.*, 75 C. C. A. 22, 143 Fed. 950; *Wilkie* v. *Insurance Co.*, 146 N. C. 513; 60 S. E. 427; *Jewett* v. *Life Insurance Co.*, 149 Mich. 79; 112 N. W. 734; *Tibbits* v. *Mutual Ben. Life Insurance Co.*, 159 Ind. 671; 65 N. E. 1033;

*Methwin* v. *Fidelity Mutual Life Association*, 129 Cal. 251; 61 P. 1112; *Forch* v. *Western Life Indemnity Co.*, 157 Ill. App. 244. *The plaintiff relies upon McMaster* v. *New York Life Ins. Co., 183 U. S. 25. That case was based upon the unauthorized insertion by the insurance company's agent of the words ' please date policy the same as application,' and upon the representation that the insurance became effective upon delivery of the policy. The facts of the cited case distinguish it from the case at bar.*" (See, also, *Methwin* v. *Fidelity Mutual Life Association*, 129 Cal. 251; *Wilkinson* v. *Commonwealth Life Ins. Co.*, 176 Ky. 833; *Wolford* v. *National Life Ins. Co. of United States of America*, 114 Kans. 411; *Kansas City Life Ins. Co.* v. *Harper*, 90 Okla. 116; *Painter* v. *Massachusetts Mut. Life Ins. Co.*, 77 Ind. App. 34; *Rolerson* v. *Standard Life Ins. Co.*, [Tex. Civ. App. 1922] 244 S. W. 845; *Mut. Life Ins. Co.* v. *Stegall*, 1 Ga. App. 611; *Sydnor* v. *Metropolitan Life Ins. Co.*, 26 Penn. Super. Ct. 521.)

In *Mutual Life Ins. Co.* v. *Stegall* (*supra*) the Court of Appeals of Georgia stated: " We find one fatal defect in this line of reasoning. It is not in accord with the letter or the spirit of the policies. To maintain the right of recovery under the allegations of the petition, life insurance must primarily be treated as a subject of bargain and sale. As such it is frequently referred to. Yet it is not a chattel; it is not merchandise; its object bears no relation to ordinary instances of bargain and sale where the purchaser parts with his money for its equivalent in a material thing of intrinsic value to him; and, if it be a subject of bargain and sale at all, it is only so in a qualified and limited sense. For ourselves we prefer to treat life insurance from the standpoint of our Civil Code (§ 2114), as a contract by which the insurer, for a stipulated sum engages to pay a certain amount of money if another dies within the time limited by the policy. As a contract, all of its material terms and conditions must be observed and complied with, either to create a right or a liability. * * *; the company accepted his application and furnished the contracts on August 30; he did not then receive them but let them lie dormant until November 19. He then paid for them, and accepted the policies as they stood, carrying insurance back from August 30, and stipulating that, to keep the policies in force, the next annual premium must be paid August 30, 1905. He asked for no change; none was made; he knew what he received. His beneficiary stands to-day on the contracts containing these stipulations."

A verdict is accordingly directed in favor of the defendant. The plaintiff shall have benefit of an exception to denial of a motion to set aside and for a new trial; likewise a stay of thirty days and sixty days to make a case.