By the Court.
 

 The proviso in the policy stipulated that it was issued in consideration of a definite premium and of the payment of a like premium annually on the 17th day of August in every year during the lifetime of the insured. The policy also contained a proviso for its lapse in case of the nonpayment of subsequent premiums within a period of thirty-one days grace after they became due and payable.
 

 In the case of
 
 Union Mutual Life Ins. Co. v. McMillen,
 
 24 Ohio St., 67, a policy dated February 2, 1868, was issued at an annual premium of $33.32, insuring the life of the applicant from December 1, 1867. That policy contained a proviso that, if the amount of the annual premium was not fully paid “on the day and in the manner so provided for,” the policy should be forfeited. In its syllabus the court held: “Where a life policy is made and accepted, upon the expressed condition that if the annual premium is not fully paid within the time speci
 
 *598
 
 fied, the policy ‘shall he null and void, and wholly forfeited, ’ the failure to pay the premium avoids the policy.” In that case the proviso relating to the time of the annual payment was less explicit than in this case, where the policy requires the “payment of a like premium annually on the 17th day of August in every year.” We are of the opinion that the principle announced in the
 
 McMillen case, supra,
 
 is controlling, and that the time for payment of future premiums is the time stipulated in the policy, viz. August 17th of each year with the added grace period. The policy contract is clear and unambiguous. No effort has been made to reform its terms on the ground of mistake; nor is there any allegation of fraud on the part of the company. When a policy is issued and accepted, containing a definite time for future premium payments, the parties to the policy contract can thereby determine when the period of lapse may ensue. If that period for payment be indefinite, depending upon the time of delivery and acceptance of the policy, or upon some outside arrangement entered into by the parties, it might prove to be'a source of litigation; at any rate, it would effectively destroy the plain provision in policy contracts such as we have here. Attached to Mougey’s policy is a receipt signed by the company on November 2,1925, the date of the acceptance of the policy by the insured. This receipt recited that upon payment of the first premium the policy would continue in force to the 17th day of August, 1926. The insured paid the second premium on August 16, 1926, within the grace period. Presumably he knew of the time named in the policy for the pay
 
 *599
 
 ment of annual premiums, and acquiesced therein.
 

 Counsel for both sides have cited voluminous authorities in support of their respective contentions. We think, both upon reason and authority, that, so long as such contracts are unattacked because of mistake or fraud, they should be upheld, if clear and unambiguous.
 

 The judgments of the lower courts will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.
 

 Allen, J., not participating.