## LOWRY v IRONTON (city)

Ohio Appeals, 4th Dist, Lawrence Co
Decided June 25, 1931

Irish & Riley, Ironton, for Lowry.
F. A. Ross, City Solicitor, for Ironton.

MIDDLETON, J.

It is established by the evidence in this case that the consideration paid for the land described in the deed was five thousand dollars, and that the cost of constructing the road which was provided for in the deed would be approximately five thousand dollars in addition to that sum. At the time of the making and delivery of the deed the statute law of this state provided that the director of public service should be authorized to make contracts by ordinance of council when the contract involved the expenditure of more than five hundred dollars. It appears from the evidence that the director of public service was authorized by the council of the defendant corporation to purchase the real estate described in said deed at a price of not more than the sum of five thousand dollars and free from any and all reservations by the owners thereof. It is manifect, therefore, that the provision in the deed to construct a road was not authorized and directed by council as required by law, and as a consequence thereof the director of public service was without any power or right to make any agreement in respect to the road, and that the provisions in said deed in that behalf were without authority of law and null and void.

However, not only is this so, but it further appears that at the time of the making and delivery of the deed only five thousand dollars was available for the purchase of the land and that there was no additional sum appropriated for the construction of the road or for any other expense, and the money required for the road construction was not then in the hands of the corporation or in the process of collection. It further appears that there was no certificate made by the auditor of the city of Ironton or any clerk of said city that the money necessary to make said road improvement was in the treasury of the corporation, to the credit of a fund to be used for that purpose, and not then appropriated for any other purpose.

From the foregoing facts it is wholly impossible for this court to grant the plaintiff in this proceeding any relief, and particularly is it beyond the power of this court to decree the specific performance of the contract if we were to consider the provisions of the deed to constitute a contract when such provisions were without authority of law and, as a matter of fact, were prohibited by law.

The petition is therefore dismissed.

Decree for defendant.

MAUCK, PJ, and BLOSSER, J, concur.

## MOUGEY v UNION CENTRAL LIFE INS CO.

Ohio Supreme Court
No. 22592. Decided May 13, 1931

For full opinion see 176 NE 455; 123 Oh St 595 (Oh Bar 6-16-31).