LUCY BELLE CILEK, APPELLEE, v. NEW YORK LIFE INSURANCE COMPANY, APPELLANT.*

FILED OCTOBER 16, 1914. No. 18,275.

1. **Insurance: CONTRACT.** The policy of insurance and the application therefor examined together, and *held* to constitute the contract between the company and the insured.

2. ———: FORFEITURE. The application signed by the insured was dated June 13, 1899. The application was approved and policy issued at the home office of defendant on June 23. The premium was to be paid annually. The premium due in June, 1906, was not paid. The application contained a clause that the company would incur no liability until the application had been received and approved by the company at its home office and the premium had actually been paid to and accepted by the company or its authorized agent during the lifetime and good health of the applicant. The policy contained a stipulation that "A grace of one month, during which the policy remains in full force, will be allowed in payment of all premiums except the first." The insured died July 23, 1906. *Held*, That the contract of insurance did not go into effect prior to the issuance of the policy on June 23, 1899; that the payment of premium for each

---

* Rehearing denied, decree entered. See opinion, p. 60, *post*.

succeeding year extended the life of the policy for an additional year from June 23, and that, with the month's grace added to that date in 1906, the policy in suit had not lapsed, but was in full force and effect at the time of insured's death.

Rehearing of case reported in 95 Neb. 274. *Former judgment of reversal vacated and judgment of district court affirmed.*

FAWCETT, J.

On June 13, 1899, Henry H. Rye signed a written application on one of defendant's forms for $5,000 insurance. On June 23 the application was approved and the policy in suit signed by the officers of the defendant at its home office in New York City. A few days later, probably June 26, the policy was delivered to Mr. Rye. The assured paid the annual premiums thereon to and including the one due in June, 1905. He died July 23, 1906, without having paid the premium for that year. The defendant denied liability, and action was brought upon the policy in the district court for Sheridan county. Plaintiff had judgment, and the case was appealed to this court, where the judgment of the district court was reversed and the cause remanded. *Rye v. New York Life Ins. Co.*, 88 Neb. 707. Another trial was had, and plaintiff, who had subsequently remarried, again recovered. A second appeal was prosecuted to this court, where the judgment of the district court was again reversed. *Cilek v. New York Life Ins. Co.*, 95 Neb. 274. A rehearing in the second appeal was granted, additional briefs were filed, a reargument had, and the case is before us for reconsideration.

Plaintiff now relies for an affirmance of her judgment on the point that, at the time of the assured's death, on July 23, 1906, by the terms of the application and the policy, construed together as the contract of the parties, the policy had not lapsed for nonpayment of the premium. This point was not argued at the bar nor considered in either of our former opinions. The reason for this failure evidently was that counsel relied upon the other points then argued. It will be seen, therefore, that neither of

our former opinions can be treated as the law of the case. Indeed, if this point had been properly presented at the first hearing, neither of those opinions would have been written. If this were a matter in which counsel alone were concerned, we would now decline to consider the point at all, but plaintiff should not be required to suffer because her counsel had such confidence in other points upon which they relied that they overlooked the one now urged.

The application which the assured signed June 13 contained a clause that the company would incur no liability under the application until it had been received and approved by the company at the home office and the premium had actually been paid to and accepted by the company or its authorized agent during the lifetime and good health of the applicant. The application was not received and approved by the company at its home office until June 23, and, in the absence of proof as to when the premium was paid, we must assume that it was not paid until the policy was delivered some days later. The contract of insurance was, therefore, never a contract binding upon both parties' prior to, at the earliest, June 23. The policy contains this stipulation on the part of the company: "A grace of one month, during which the policy remains in full force, will be allowed in payment of all premiums except the first, subject to an interest charge at the rate of 5 per cent. per annum." If the contract of insurance did not become binding until June 23, the death of the assured on July 23 was within the month of grace allowed, and the policy had not lapsed. This very question was before the supreme court of the United States in McMaster against this same defendant, and the company was held liable by a united court in a very clear opinion by Mr. Chief Justice Fuller, which is reported in *McMaster v. New York Life Ins. Co.*, 183 U. S. 25. We had occasion once before to cite this case with approval. *Haas v. Mutual Life Ins. Co.*, 84 Neb. 682, 692. In the *McMaster* case the application was dated December 12, 1893, and the policies December 18. The policies were delivered December

26. In the course of the opinion (p. 41) it is said: "The truth is the policies were not in force until December 18, and as the premiums were to be paid annually, and were so paid in advance on delivery, the second payments were not demandable on December 12, 1894, as a condition of the continuance of the policies from the twelfth to the eighteenth. And, as the policies could not be forfeited for nonpayment during that time, the month of grace could not be shortened by deducting the six days which belonged to McMaster of right. In our opinion the payment of the first year's premiums made the policies nonforfeitable for the period of thirteen months, and, inasmuch as the death of McMaster took place within that period, the alleged forfeiture furnished no defence to the action."

In *Stramback v. Fidelity Mutual Life Ins. Co.*, 94 Minn. 281, a similar question was before the court. In that case the assured made his application August 25, 1902. The policy was issued September 8, and delivered September 24, 1902. The second semiannual payment in March, 1903, was paid, but the next premium due in September, 1903, was not paid. The assured died September 11, 1903. The trial court held that the policy became forfeited September 8, 1903, for failure to pay the premium due on that date. The application, like the one in the case at bar, stated that "the policy to be issued should not become binding on the company until the first payment due should have been actually received by it, or its authorized agent, during the lifetime and good health of the insured." The policy provided for the payment of subsequent premiums "upon the eighth day of the months of September and March in every year until the premiums for fifteen full years shall have been duly paid to the said company." The court say: "The primary question to be determined is, from what date did the insurance commence to run? Was it from date of payment of the first premium and delivery of the policy to the insured, September 24, or was it from date of issuance of the policy, September 8, or from date of the application, August 25?" The opinion then cites and quotes at length from the *McMaster*

case, *supra*.   The judgment of the district court was reversed and judgment ordered for the plaintiff.

Little could be added to what has been said by these two eminent courts in their opinions above cited.   Their reasoning meets our entire approval.   We therefore hold that the contract of insurance in the case at bar did not go into effect until June 23, 1899; that the payment of premium for each succeeding year down to and including the payment in June, 1905, extended the life of the policy for an additional year from June 23, and that with the one month's grace added to June 23, 1906, the policy had not lapsed, but was in full force and effect at the time of Mr. Rye's death.

Prior to the death of the assured he had obtained from the company a loan of all of the accumulations on his policy up to and including the payment of June, 1905.   The trial court found generally in favor of the plaintiff, "and that the policy in suit was delivered to the insured, who received it in due course of mail on June 26, 1899, and that the policy loan was paid in full on the death of the insured from its accumulation, and on that day there was also an excess of said accumulations amounting to $194.63 which was applicable toward the payment of premiums; that there is now due and owing from the defendant to the plaintiff, who is beneficiary under said policy, upon the cause of action set out in the pleadings, the full sum of $7,362.50," for which amount the court allowed judgment.   We are unable to approve that part of the court's findings that there was an excess of accumulations amounting to $194.63.   That question was disposed of adversely to plaintiff in our former opinions, which are now the law of the case upon the points therein decided.

Our former judgment is vacated, and the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.

The following opinion on motion for rehearing was filed December 18, 1914.   *Rehearing denied, decree entered.*

FAWCETT, J.

This case is before us on a motion for rehearing, or, if a rehearing is denied, for a modification of our opinion and judgment, *ante,* p. 56.   After due consideration of the case, we are satisfied with our former opinion upon the merits.

Our judgment should, however, be modified, as claimed by defendant.   In arriving at the judgment reached in our former opinion, we overlooked the fact that the decedent was indebted to the defendant in the sum of $1,365 on a policy loan, in the application for which plaintiff as his beneficiary had joined.   In January preceding his death the decedent had applied for a loan for the full amount of the reserve under his policy, which was the sum above named.   The loan was made.   The policy, by its express terms, provides:   "Any indebtedness to the company, including any balance of the premium for the insurance year remaining unpaid, will be deducted in any settlement of this policy, or of any benefit thereunder."   The trial court found "that the policy loan was paid in full on the death of the insured from its accumulation."   This was a plain error and directly contrary to our holding when the case was first before us (*Rye v. New York Life Ins. Co.,* 88 Neb. 707), where we held:   "The policy provides in express terms: 'If the insured is living on the 13th day of June, 1919, which is the end of the twenty-year accumulation period of this policy, and if the premiums shall have been duly paid to that date, and not otherwise, the company will apportion to the insured his share of the accumulated profits.'   It appears that no surplus or profits could be ascertained or credited to this policy until the date of its maturity, which is the 13th day of June, 1919."   The district court evidently confounded accumulation with reserve.   The amount of the loan made to the decedent was the full amount of the reserve then held by the company under the policy in suit.   It did not represent profits or accumulations.   By the terms of the policy the assured had the right, at any time after two years, to obtain from the company a policy loan equal to the full

amount of the reserve, but there was no condition in the policy which conferred upon him, at any time prior to the expiration of the full 20-year period, a right to any accumulations or profits, either by loan or otherwise. On the contrary, the condition of the policy was, as above shown, that he should not participate in the profits of the company unless he was living at the expiration of the 20-year period. The company, under the terms of its similar contracts with its other policy-holders, could not, prior to that time, lend or pay to the insured or his beneficiary any profits. The profits were not determinable or ascertainable until the expiration of the full 20-year period. The trial court treated the reserve, which formed the basis of the loan, as an accumulation, and gave judgment for the full sum of $5,000, with interest at 7 per cent. per annum from the date of the assured's death until the date of the judgment. This was contrary to the express terms of the policy. The court should have deducted from the $5,000 the $1,365 loan, plus interest thereon for one month and ten days, viz., from the date on which the interest had been paid on the loan to the date of the assured's death, in the sum of $7.57, and rendered judgment for $3,627.43, plus interest, which would have made the gross amount for which judgment should have been entered $5,397.37. The judgment is so palpably and grossly excessive in amount that, regardless of the ordinary rules of procedure on appeal, we cannot permit it to stand.

Motion for rehearing overruled. Our former opinion on the question of defendant's liability adhered to. Our judgment of affirmance vacated, and judgment ordered in this court in favor of plaintiff for $5,397.37.

JUDGMENT ACCORDINGLY.