LYKE, Appellant, v. FIRST NATIONAL LIFE & ACCIDENT INSURANCE COMPANY, Respondent.

(171 N. W. 603).

(File No. 4396.    Opinion filed April 1, 1919.    Rehearing denied June 3, 1919.)

1. **Insurance—Life Insurance—Policy, Taking Effect Of, Date of Payment Versus Date of Issue—Agent's Receipt of Premium Note, Recital In, Re Approval of Application, Effect.**

   Where the first two payments under a life insurance policy kept it in force for two years plus a 30 day grace after expiration of second year, the policy having been issued September 21st, its date, and providing for annual payments of premium in advance on September 12th, the application therefor having been dated September 11th and approved September 19th; held, that the policy took effect September 21st, the date of its issue, and not on September 19th, the date of its approval; it not being clear that insured was notified of date of approval or had any knowledge of that fact, although agent's receipt for first premium note provided that if application was approved by insurer, applicant would be insured from date of approval, "subject to the terms and conditions of the policy contract;" hence, insured having died on October 20th of the second year after date of policy, insurer was liable under the policy.

2. **Insurance—Life Insurance—Premium, Payment of After Year From Payment Date and Before Year From Issue, Effect— Days of Grace, Effect.**

   A life insurance policy provided for payment of annual premiums in advance on September 12th, the application therefor being dated September 11th and approved September 19th It provided that failure to pay any premium when due would void it without further notice. Insured gave his note September 11th of the second year payable a year from date to cover second year's premium, which by its term was to continue policy in force until default made in payment thereof, and provided that in case of default in its payment when due policy should become void and all rights of beneficiary terminated without

further notice. Before maturity thereof insured gave a note to cover third year's premium, and before default in payment of the second year's note he renewed same by renewal note for amount of old note plus accrued interest, such note payable three years from date, which carried date of maturity thereof beyond expiration of second year of policy. The policy provided that failure to pay any premium, or any note given therefor, when due, would void the policy, and that after the policy had been in force one year, insured could have a grace of one month in which to pay premiums after they came due. Held, that failure to pay the renewal note before October 20th of third year, date of insured's death, did not void the policy.

3. Insurance—Life Insurance—Policy, Provision for Annual Premium Payments for Twenty Years or Life of Insured, Forfeiture Clause Re Non-payment—Contract, Whether for One Year With Renewal Privilege, or Life.

Where a life insurance policy provided that it was issued in consideration of the application and first year's payment, and payment of a like sum on or before a certain date each year until 20 year's premuims were paid or until insured's death, held, the contract was not one in force for a single year with privilege of renewal from year to year, but was one for entire life of insured, subject to forfeiture by failure to pay annual premiums when due.

Smith, P. J., dissenting.

Appeal from Circuit Court, Hughes County. HON. JOHN F. HUGHES, Judge.

Action by Myrta Lyke, against The First National Life & Accident Insurance Company, to recover upon a policy of life insurance. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed with directions.

*Brown & Brown,* for Appellant.

*Sutherland & Payne,* for Respondent.

(1) To point one of the opinion, Appellant cited:

Thomas Manufacturing Co. v. Lyons, 29 S. D. 600; Civ. Code (1903) Sec. 1212.

Respondent cited:

Robinson v. U. S. Ben. Soc., (Mich.) 94 N. W. 211.

(2) To point two of the opinion, re grace, Appellant cited:

McMaster v. New York Life Ins. Co., 183 U. S. 25, 22 S. Ct. 10.

Respondent submitted that: Under the said application, and the finding that defendant company approved the application on

September 19th, the contract went into effect on that date. Applying the legal rule, the premium paying date would be not later than September 19th of each year. Hence, an annual premium became due on September 19th, 1916. Allowing the month's grace, the policy would lapse for failure to pay the third annual premium on October 19th, 1916. It was not in force on October 20, 1916, when insured died; and cited:

Stinchcombe v. New York Life Insurance Company, 80 Pac. 213.

POLLEY, J. This action was brought to recover on a life insurance policy. Plaintiff is the beneficiary named therein. The policy was issued pursuant to a written application therefor made through an agent of the defendant company. At the time of making the application, the insured gave the agent his promissory note for $50.36 in payment of the first year's premium, and the company's agent gave the insured the following receipt:

"Received of Frank Lyke fifty and 36-100 dollars, being the first annual premium on a policy of insurance of $1,000 upon his life for which application is made this day. It is agreed and understood that if said application is received and is approved by said company at its home office, the said applicant will be insured from the date of such approval, subject to the terms and conditions of the policy contract of said company. * * *"

The note and application were dated September 11, 1914. The application was approved on the 19th day of September, and the policy was issued and dated on the 21st day of that month. When it was delivered to the insured does not appear, nor is it material. On the 11th day of September, 1915, the insured gave the company his note for $50.36, payable one year from date, which by its terms was to continue the policy in force until default should be made in the payment thereof, and provided that, in case of default in the payment of the note when due, the policy should become void and all rights of the beneficiary should at once terminate without further notice. On or about the 1st day of September, 1916, and before there was any default in the payment of said note, the insured renewed the same by giving a renewal note for the amount of the old note, plus the interest that had

accrued thereon. The renewal note was payable three months from date, which carried the date of maturity thereof· beyond the expiration of the second year of the policy but did not purport to be a payment of any part of the third year's premium. The policy contained the following provisions:

"This policy is issued in consideration of the application therefor, a copy of which is indorsed hereon, and the sum of fifty and 36-100 dollars, the receipt of which is hereby acknowledged, and the payment of a like sum on or before the eleventh day of September, in every year until twenty full year's premiums shall have been paid or until the prior death of the insured. * * *

"Failure to pay any premium, or any note given for any premium, when due, will void this policy without further notice, and forfeit all payments to the company except as herein provided."

The policy also contained the provision that, after it had been in force one year, the insured could have a grace of one month in which to pay the premiums as they came due.

Upon these facts the trial court held that the policy had lapsed prior to the death of ·the insured—which occurred on the 20th day of October, 1916—because of the failure to pay the third annual premium. Judgment was entered for the defendant, and plaintiff appeals to this court.

[1, 2] For the purposes of this case, the acceptance of the promissory notes by the respondent must be treated as payment of two annual premiums. This kept the policy in force for two full years, plus a grace of thirty days, after the expiration of the second year. The question to be determined then becomes: When did the policy take effect? Appellant contends that it ·did not take effect until the 21st day of September, 1914, the day on which it was issued. If this is correct, the payment of the second year's premium kept the policy in force until one month after the 21st day of September, 1916, or the 21st day day of October, the day after the insured died. On the other hand, respondent claims that the policy went into effect on the 19th day of September, the day the application was approved. If this is correct, the policy lapsed on the 19th day of October, 1916, the day before the insured died. In its brief, respondent says:

"The policy contained a provision to the effect that premiums shall be payable annually in advance on the 12th day of September of each year. Notwithstanding such provision, it is probably the rule of law that the insured, by reason of having paid the first annual premium, would be entitled to a full year's insurance from the time the insurance went into effect, and that a second or further premium would not be due until such entire year had expired. This is the doctrine announced in McMaster v. New York Life Insurance Co., 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. 64; Halsey v. American Central Life Ins. Co., 258 Mo. 659, 167 S. W. 951; Stinchcombe v. New York Life Ins. Co., 46 Or. 316, 80 Pac. 213."

This much being conceded—and it is undoubtedly the correct rule of law—there was but one other date in the entire contract to show when the policy went into effect. This was September 21, 1914, the day the policy was issued. It is not claimed that the insured was notified of the date on which his application was approved by the company, nor that he ever had any knowledge of such fact. The policy showed on its face that it had been issued on the 21st day of the month, and the insured would very naturally assume, and, in the absence of knowledge to the contrary, he had a right to assume, that the policy was issued and dated on the day the application was approved. To hold otherwise would be to hold the insured bound by a fact of which he had no knowledge.

[3, 5] The policy was not a contract in force for a single year with the privilege of renewal from year to year, but was a contract for the entire life of the insured, subject to forfeiture by failing to pay the annual premiums when they became due. McMaster v. N. Y. L. Ins. Co., supra, and, where a forfeiture is involved, a contract will be so interpreted, whenever it can, "within the bounds of reason and common fairness, as to elude the forfeiture and secure to the parties that to which they are in justice entitled." Stinchcombe v. N. Y. L. Ins. Co., supra.

Tested by these rules, the policy had not lapsed at the time of the insured's death, and the judgment should have been for the plaintiff.

The judgment appealed from is reversed, with directions to

the trial court to enter judgment for plaintiff upon the facts found at the trial.

SMITH, P. J. (dissenting). I cannot concur in the conclusion reached by my asociates and deem it my duty to state the grounds of my dissent.

The binding receipt given the insured states that, if the application for insurance is approved by the company, "the said applicant will be insured from the date of such approval." The application was approved at the home office on September 19, 1914, and therefore liability on the policy attached on that date, with one year's premium paid in advance, by note. The policy was thereby put in force until September 19, 1915. At that date the right accrued to 30 days' grace within which to pay succeeding premiums. McMaster v. N. Y. Life Ins. Co., 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. 64. But the due date of succeeding premiums remained unchanged and, by the terms of the policy, was fixed on September 11th, each year in advance. The second year's premium therefore became due on September 11, 1915, with the right already accrued at that date, to 30 days' grace, which would extend the time for payment of the second premium from September 11, 1915, to October 11, 1915. The insured would not be in default for nonpayment of the second year's premium until after that date. The default date therefore, for all years after the first, would be October 11th in each year. The insurance company, however, by agreement, could extend the due date of the premiums, and upon such extension no default would occur until 30 days of grace had elapsed, after the date to which the payment was extended. No further attention need be paid to the matter of nonpayment of the first year's premium. We come now to the second year's premium. On September 11, 1915, the insured gave, and the company accepted, a note for the second year's premium, which note became due on or before September 1, 1916, and contained an express agreement that the policy should remain in force until default was made in payment of the note, and that, upon such default, "all rights and benefits under said policy shall cease and determine without notice and said policy shall be ipso facto null and void." Whether this express agreement nullified the provision in the policy for days of grace

presents a difficult question.   But on September 1, 1916, a re-
newal note for this second premium was given by the insured and
accepted by the company, again extending the payment of the
second premium for three months from September 1, 1916.   No
default for nonpayment of the second year's premium therefore
could accrue until December 1, 1916.   The insured died on Octo-
ber 20, 1916.   But none of the transactions above stated affected
or had any connection with the third year's premium which, by
the terms of the policy, was payable in advance on September 11,
1916.

There is no contention that this premium was ever paid or
time of payment extended.   If. the insured be given the benefit of
the month's grace for payment of this third premium, default
occurred on October 11, 1916.   But it is urged that paid-up in-
surance may not be forfeited for nonpayment, in advance, of
premium covering a future year, and that in this case the paid-up
insurance extended to September 21st, the date of. the issuance of
the policy.   The date from which the life of applicant was insured
was fixed in express terms in the application signed by him,
which is made a part of the policy itself.   The original binding
receipt and the application signed by the insured and approved
by the company, both declare that "the said applicant will be in-
sured from the date of such approval."

It is undisputed that the application was approved on Septem-
ber 19, 1914.   This provision in the application fixes the date
when the insurance took effect and is controlling.   The policy
was dated September 21, 1914; but there is no provision in. the
policy which fixes any date, other than September 19th, at which
the insurance became effective.   This provision in no manner
controls the due date for payment of premiums.   But if it be
assumed that default in payment of the third year premium could
not take effect within the period during which paid-up insurance
was in force, it is clear that, allowing the 30 days' grace default
in payment of the third year's premium, accrued on October 19,
1916, the day on which the paid insurance expired, and the policy
by reason of nonpayment of the third year's premium, lapsed and
became void on that date.

Can a policy, in force by reason of an extension of the time

of payment of a previous year's premium, be defaulted for nonpayment of a succeeding year's premium which falls due while the policy is still in force? As hereinafter indicated, we need not decide that question in this case.

In McMaster v. N. Y. Life Ins. Co., 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. 64, relied upon by my Associates, the first year's premium had been paid in full, and the material question was whether such payment entitled the insured to the benefit of the 30 days' grace, where the insured died after a full year had expired, but within the grace period. The date at which the policy took effect was material in that case, in that it was decisive as to whether the insured died within the grace period. The insured requested in his application that the policy, when issued, should be made to take effect at the date of the application, December 12th; but this request was ignored by the company, in that no date was fixed other than the date of the policy, at which it became effective. The court, under the ordinary rule, held that the policy became effective on the day it was dated, which was December 18th, although not delivered until December 26th. On October 18th the insured died. It was held that the grace period included the latter date, and that the policy was in force at the date of death. The court held that payment of the first year's premium gave the insured protection for 13 months. There was no question as to a forfeiture for nonpayment of premium. That case is not authority for the proposition that an insurance policy becomes effective on the day on which it is dated or delivered, where the application, which is signed by the insured and expressly made a part of the contract, fixes a certain and different date at which the policy becomes effective, as in this case. Certainly no reason exists, either in law or in public policy, which forbids the making of a contract which itself fixes the date at which it becomes effective, and it is the plain duty of courts to enforce contracts lawfully entered into by the parties thereto. In this case it was expressly agreed that the policy should become effective on September 19th, and therefore the payment of any year's premium made the insurance effective for one year from that date, and the grace period extended the date of default one month more each year after the first. It follows in this case that the period of effective

insurance covered by the note given for the second year's premium, allowing the grace period, expired on October 19, 1916, and the third year period of effective insurance began on that date. The insured was therefore in default after October 19th, within the third year. It follows that if it be assumed that nonpayment of the third year's premium, on September 11 or October 11, 1916, would not work a forfeiture of the policy during the period of paid-up insurance, the fact remains that non-payment of the third year's premium, later than October 19th, would work a forfeiture of the policy.

I concur fully in the view that the furnishing of a copy of the policy after such default and after the death of the insured was not a waiver of the default.

The judgment should be affirmed.