CHRISTENSEN, Respondent, v. ROYAL INSURANCE COMPANY OF LIVERPOOL, Appellant.

(272 N. W. 820)

(File No. 7986.   Opinion filed April 21, 1937)

*H. M. Lewis,* of Hot Springs, and *L. E. Waggoner* and *R. C. Riter,* both of Sioux Falls, for Appellant.

*W. P. Rooney* and *E. B. Adams,* both of Hot Springs, for respondent.

SMITH, J.   Plaintiff brought action on a policy insuring against loss and damage by fire.   A special verdict and judgment were entered for defendant.   On motion by plaintiff, the trial court entered an order granting a new trial predicated on an assumed error at law.   Defendant appeals from the order granting a new trial.   Disposition here turns upon the construction of provisions of the policy dealing with unoccupancy of the insured property.

The policy was issued to insure plaintiff against loss and damage by fire to a dwelling situated in Hot Springs, S. D. The term of the policy was for three years, extending from September 25, 1932, to September 25, 1935. The fire occurred on the 23d day of October, 1934. To a complaint on the policy in ordinary form, defendant interposed a defense of a breach of the conditions of the policy against unoccupancy.

In addition to the provision dealing with unoccupancy contained in the statutory form of policy (Rev. Code 1919, § 9199), this policy contained an additional provision as follows:

"Permission granted for the within described premises to be and remain vacant for a period not exceeding sixty (60) days at any one time, the term 'vacant' being construed to mean an empty building devoid of personal habitation; or to be and remain unoccupied for a period not exceeding six (6) months at any one time, the term 'unoccupied' being construed to mean a building that is entirely furnished, but with personal habitants temporarily absent. * * *

"Applying against the fire and lightning hazard only, if the premises are vacant for a period exceeding sixty (60) days, or unoccupied for a period exceeding six (6) months, at any one time, this policy is void unless a special form of permission therefor is attached hereto."

Subsequent thereto, in consideration of an additional premium, a rider or additional provision was attached to the policy, the material provisions of which read as follows: "Permission is hereby granted for the premises described in this policy to remain unoccupied from the 14th day of March, 1934, to the 14th day of September, 1934."

At the trial, the plaintiff's wife testified as follows: "When I went out of the big house, (the property described in the policy) dad and Earl (plaintiff's son) slept there for a little while; have been out of there for about a year and three months. * * * I was in Chadron a year and some months. * * * I don't know whether we have lived in the big house since July, 1932, or not. I don't know if there have been lights, water and telephone in there since 1932, but I don't think so."

The plaintiff testified as follows: "At the time this vacancy permit was put on my wife was in Chadron, Neb. * * * I lived over the store part of the time. During week days I was there all the time and ate in the restaurant below. I lived during the week days over the store and on Sundays sometimes I would go over and sleep at the house that was burned. We had a four-room apartment over the store. My son, (Earl) his wife and I slept there. My wife slept there when she was in town. I continued sleeping over the store six days a week until the time I went to California. * * * From March when I got the vacancy permit, until my wife came back from Chadron, I didn't sleep in the house at all."

Conflicting testimony was received dealing with the use and occupancy of the insured premises just prior to the expiration of the period described in the special rider and between that date and the date of the fire.

In its instructions, after an instruction defining "occupancy," to which no exception was taken, the court by general instructions and by a special interrogatory submitted the following question to the jury: "Were the premises described in the policy of insurance, Ex. No. 1, occupied by the Christensens, as the term occupancy has been explained for you in these instructions, at any time during the six months period next preceding October 23, 1934?"

The jury returned a negative answer to the special interrogatory, and judgment was entered for defendant. Upon motion, the trial court entered an order granting a new trial, in which, after reciting the provisions of the policy, it stated its reason for so doing as follows: "The undisputed evidence shows that the fire in question occurred on October 23rd, 1934; that the vacancy permit executed by defendant company, and attached to the policy, expired on the 14th day of September, 1934, and that the date of the expiration thereof (as shown by Exhibit 1) there still remained a period of six (6) months for the building in question to remain unoccupied, as provided in the uniform standard permits and clauses contained in the policy, and there is no evidence whatsoever in the record proving or tending to prove that the building in question had remained unoccupied for the additional period of six months, but the undisputed evidence shows that the fire oc-

curred 'within the period of six months allowed by the policy itself for the building to remain unoccupied."

Of the specifications of error, the only one urged to this court by the respondent in support of the order granting a new trial, after reciting the provisions of the policy, contained the identical language we have quoted from the trial court's order.

In view of the foregoing testimony, the sole specification urged by respondent, and the reasons stated by the learned trial court in its order granting a new trial, we approach decision unhampered by considerations involving the discretion of the trial court. Davenport v. Firemen's Insurance Company of Newark, N. J., 47 S. D. 426, 199 N. W. 203.

The defendant-appellant contends that plaintiff-respondent had exhausted all privilege of continuous unoccupancy of the premises at the time of the fire, and that the policy had become void for breach of condition. Based upon the authority of the holding of the learned Florida Supreme Court in the case of Caledonian Insurance Company v. J. Frank Smith et al., 65 Fla. 429, 62 So. 595, 47 L. R. A. (N. S.) 619, the plaintiff contends that the period between March 14 and September 14, 1934, covered by the foregoing rider, was equivalent to occupancy by plaintiff, and that thereafter plaintiff was privileged to a further six-month period of continuous unoccupancy under the original terms of the contract.

We proceed with an examination of the material provisions of the policy contract under the guidance of the following rules of interpretation:

"It follows that, if such a contract, looking at all its provisions, is fairly susceptible of two constructions, one of which is more favorable to the insured than the other, the construction most favorable to the insured should be adopted." Lundeen v. Schumacher, 52 S. D. 149, 216 N. W. 883, 884.

"* * * every provision and condition in an insurance policy, the breach of which involves a forfeiture of the rights of the insured under the contract, is strictly construed, and doubts as to construction should be resolved in favor of the insured." Bolte & Jansen v. Equitable Fire Association, 23 S. D. 240, 121 N. W. 773, 776.

"But the rules above stated will not authorize the court to disregard the plain and unequivocal terms of the policy and make a new contract for the parties. * * *" 26 C. J. 75.

■ ■ We look first to the permission granted under the original policy to ascertain the extent to which plaintiff was thereby privileged to leave the insured property in an unoccupied state. For the purposes of our analysis, we conclude that the six-month provision became a substitute for the ten-day provision of the statutory form. Because of the use of the words "at any one time" in the substitute provision, we further conclude plaintiff was privileged to permit the property to remain unoccupied during recurring periods, subject, however, to the limitation stated that no continuous period of unoccupancy should exceed six months in length. Thus, as the contract was originally worded, the right to a continuous period of unoccupancy for a further term of six months after the exercise of any period of unoccupancy, only would recur by reason of actual occupancy.

We now turn to the situation as it existed on the 14th day of March ,1934, when the special rider was attached to the contract. It conclusively appears that plaintiff was then enjoying a period of unoccupancy and could only acquire the privilege of continuous unoccupancy for an additional period of six months by actual occupancy or by the payment of an additional premium. The additional premium was paid and the foregoing rider was attached, concisely and specifically providing for unoccupancy until September 14, 1934. In the face of these circumstances, and in view of the wording of the rider, we seek to determine whether the policy is fairly susceptible of the construction for which plaintiff contends.

When plaintiff's theory is tested by the results which would flow from its application, two situations suggest themselves. First, if such is the meaning of the contract, plaintiff could permit the property to remain unoccupied for a continuous period of eighteen months through the payment of a single premium for a special six months' permit. He could permit the property to remain unoccupied for six months under his original contract, then have a six months' rider attached in consideration of an additional premium, and thus, through plaintiff's construction, gain an additional period of twelve months. Second, if the company, on the other hand,

desired to grant no more than a six months' privilege of continuous unoccupancy in consideration of an additional premium, it could not make such a grant by the use of plain, unequivocal, and specific words describing the particular six-month period it intended to cover, as was done in this rider, but would be required to attach a rider so worded as to make provision for the revival of the six-month provision contained in the original contract.

Further examination of the original contract discloses that the parties intended that such a permission for unoccupancy might by possibility be attached to the policy to extend the right of continuous unoccupancy beyond six months. This appears from the use of the words "* * * if the premises are * * * unoccupied for a period exceeding six (6) months, at any one time, this policy is void unless a special form of permission therefor is attached hereto." Application of the theory contended for by plaintiff transforms the rider attached from an agreement extending the contractual six-month period of unoccupancy, to an agreement, not only to extend, but also, in addition to extending by the length of time so plainly limited in the rider, to duplicate the very period to which the extension was thereby applied.

These considerations convince us that such a construction of the contract would bear no relation to the intention of either of the contracting parties, and when viewed in the light of the recognized increase of hazard through unoccupancy, would be so unreasonable as to constitute an unfair construction.

We therefore conclude that the policy is not fairly subject to the construction for which plaintiff contends, and that so to interpret it would require this court to write words into the rider which were not employed by the parties. From the testimony of plaintiff and his wife, we further conclude that on and after the 14th day of March, A. D. 1934, plaintiff could not acquire a privilege of unoccupancy under the terms of the contract other or different than that described by the plain and unequivocal words of the rider, until the property had again been subjected to a period of occupancy.

The instructions of the trial court in no manner limited the operation of the original contract, because, as demonstrated by the wording of the special interrogatory, the case was submitted on the

theory that actual occupancy, even during the period covered by the special rider, would induce a recurrence of the original six-month period of unoccupancy. In so instructing the jury, the learned trial court followed a correct interpretation of the contract.

The order granting a new trial is reversed, and this case is remanded with instructions to restore the verdict and judgment for the defendant, with costs here and below.

RUDOLPH, P. J., and POLLEY and ROBERTS, JJ., concur.

WARREN, J., dissents.