DUERKSEN et ux, Respondents

v.

BROOKINGS INTERNATIONAL LIFE AND CASUALTY
COMPANY, Appellant

(166 N.W.2d 567)

(File No. 10493. Opinion filed March 28, 1969)

Rehearing denied May 14, 1969

**John H. Zimmer,** of **Zimmer & Haar,** Parker, for plaintiffs and respondents.

**McCann & Martin,** Brookings, for defendant and appellant.

BIEGELMEIER, Presiding Judge.

Plaintiffs are beneficiaries of a life insurance policy issued by defendant on the life of their daughter Jean who died as a result of an airline crash on August 6, 1966. The policy had been issued on an application signed by the insured's father Albert Duerksen dated July 6, 1961, at which time he delivered his check to the agent for the first year's premium in the sum of $29.38, the correct amount to pay for 359 days' insurance on a $30.00 annual premium rate discounted for the first six days of July which had elapsed. On July 20th a doctor, authorized by applicants, completed a form certifying the insurability of Jean C. Duerksen, then a minor, and the form was then mailed to defendant. On July 26, 1961 it issued the policy sued upon backdated to July 6, 1961 and mailed it to its agent, who delivered it to insureds after August 1, 1961. The check mentioned was also cashed by defendant on that date.

The application was for a College Student Life Plan which permitted automatic conversion to $5,000 of 20 Pay Life, a choice applicant elected. It contained a provision the insurance company,

> "shall incur no obligation because of this application unless and until a policy is delivered to the applicant and the first premium thereon is paid in full while the health or other conditions affecting the insurability of the applicant are as described in this application."

The policy provided:

"This policy, together with the application, a copy of which is attached hereto and made a part hereof, contains and constitutes the entire contract between the parties hereto"

and a further clause,

"The consideration for this policy is the application therefor and the payment of the first premium of—$29.38— dollars for the balance of the year to the anniversary date above and the further payment of annual premium of—THIRTY AND 00.100—dollars on the Anniversary Date, shown above, and on each subsequent anniversary date during the life-time of the Insured".

The policy also contained a grace provision as follows:

"Any premium is in default if not paid on or before the date it is due, but a grace of thirty-one days without interest, during which period this policy will remain in full force, shall be allowed for the payment of every premium except the first."

Annual premiums were thereafter paid in 1962, 1963, 1964 and the last one on June 22, 1965.

Defendant insurance company contends the policy of insurance, including the 31 days of grace, lapsed on August 2, 1966 and so was not in effect on August 6, 1966. Plaintiff urges defendant accepted a premium for 359 days of insurance, that as the application, made a part of the policy, provided it did not become effective until it was delivered and the first premium paid, which was on or after August 1, 1961, the four subsequent annual premiums paid kept the policy in force to August 2, 1966 and, with the 31 days of grace, it was in force on the date of her death.

In Lyke v. First Nat. Life & Accident Ins. Co., 41 S.D. 527, 171 N.W. 603, the court stated that notwithstanding the provision that premiums shall be paid annually in advance of a stated date, the doctrine announced in McMaster v. New York Life Ins. Co., 183 U.S. 25, 22 S.Ct. 10, 46 L.Ed. 64, was undoubtedly the correct rule of law, that an insured, by reason of having paid a first annual premium, would be entitled to a full year's insurance from the time when the insurance went into effect, and that a second or further premium would not be due until such entire year had expired.

The court held (as stated in Haynes v. Midland Nat. Life Ins. Co., 60 S.D. 212, 216, 244 N.W. 110, 111) "that, notwithstanding a policy provision that premiums should be payable annually in advance on the 12th day of September of each year, the premium period payments should be computed from the date when the policy went into effect, which was the day the policy was dated and issued, September 21st, although the application was approved September 19th."

The facts in Haynes v. Midland Nat. Life Ins. Co., 60 S.D. 212, 244 N.W. 110, are more involved. On January 24th a husband and wife signed separate applications for a joint life insurance policy. Each application provided there would be no contract until it was approved by the company, the policy issued and delivered and the first full premium paid. The medical director upgraded the usual rate which, under the application, made the policy effective when accepted by insureds and the policies, purporting to be signed February 24th, were delivered to the insureds March 29th. This was their first notice of the upgrading of the insurance rate. The policies made reference to premiums being payable annually in advance, stated the annual premiums in the body and on the back of each policy the amounts of the annual, semi-annual, quarterly and monthly premiums.

In the applications, made a part of the policies, the words "monthly with loan" were written after the printed words "annual premium". As part of this transaction and when the policies

were delivered, insureds made a loan from the company for which they signed a note for $6,500, a mortgage and an assignment of the policies to the company. The note provided for the payment on July 1, 1928 and the first day of each month thereafter of $107.18 which included "monthly premium" on the policies of $33.73 specifically identifying them by their numbers. In a letter dated June 11, 1928 the company enclosed its check for the principal of the loan to insureds, less the four monthly premiums on the policies dated February 24, 1928, which were due, as it explained, for the four months "March, April, May, June $33.73" each, for a total of $134.92. Thereafter on July 7th and August 6, 1928 insureds made two payments of $107.18, thereby paying two monthly premiums. No payment was made in September. The policies recited: "If any premium be not paid when due, this policy shall be void and all premiums forfeited to the company". The insured husband died October 7, 1928.

The insurance company refused payment claiming the insurance was not then in effect, the seventh month (of grace) from February 24, 1928, the policies' date, having ended September 24, 1928. Of necessity this was based on the insurance company's claim its deduction of the four months' premiums stated in its June 11th letter were those due February, March, April and May 24th and cover the months of "March, April, May, June" (to the 24th). Whether or not this contention was valid, the written agreement of insureds was to pay the monthly premiums in advance on the first day of each month commencing July 1, 1928 in the amounts stated both on the policies and the note. As stated, only the July 1st and August 1st payments were made and, if the written agreement prevailed, the policies were void on October 1, 1928. Plaintiffs' contention was the effective date of the policies was March 29th, the date the policies were delivered and that they were valid obligations for seven months from that date (six months' premiums paid plus one month grace) so the policies were in effect on October 7th. The court in Haynes affirmed the trial court's judgment allowing recovery on the policies, discussed its prior Lyke opinion, the McMaster and other decisions of the United States Supreme Court as well as those reaching a contrary result.

The difference between Haynes and this appeal is in Haynes the insureds agreed in a writing signed by them that they would make monthly payments of the premiums commencing July 1st and in the present action no agreement was signed by the applicant for insurance to make payments on any specific date. Here the signed application provided the company would incur no obligation until the policy was delivered to applicant and premium paid in full. This occurred after August 1, 1961; yet the company, instead of issuing its policy covering 359 days for which it accepted a premium arbitrarily backdated the policy written July 26th to July 6th and inserted July 1st as the anniversary date. It placed itself in a position of denying liability in the event of a claimed loss from July 6, 1961 to sometime after August 1, 1961 under the signed clause in the application (coverage for only 334 days) and also under the inserted July 1st anniversary date for loss occurring after that date.

It is apparent in Haynes the court laid some stress on the fact the policies fixed no date for payment of the monthly premiums yet the amounts of those premiums appeared on the policies and the amounts and dates of payment of the insurance premiums were certain in the note executed simultaneously with and as a part of the loan—life insurance transaction. The court said it "was within the power of the insurance company, if it meant the policy to be in effect from the date of its approval by the company, to have said so". The present policy did state a date when the policy was to be in effect, that is, when it was delivered. Whether delivery of the policy is or is not essential to completion of the contract was one of the reasons mentioned in Haynes for computing the date from which premiums were to be computed. Some of the questions or conditions mentioned in Haynes are also apt: Was it defendant's intention to collect for that period prior to delivery when the policy was not in effect? Did it intend to insure for 359 days when it collected and did not refund or offer to refund the excess of the premium it collected for 334 days it now claims the policy was effective? As remarked in Haynes, there was no quid pro quo whatever for the nearly first month's premium if the time was measured by the arbitrary backdate in the policy. The company clearly stated in the ap-

plication, made a part of the policy, that it was not in effect until delivered and it accepted a premium for a period of time beyond the backdated anniversary date arbitrarily inserted in the policy. This resulted in an inconsistency between the provisions in the policy with reference to the anniversary date and the time it became effective.

Where policies of insurance contain inconsistent provisions the view should be adopted, if possible, which will sustain rather than forfeit the contract and construction of a policy will be adopted which is most favorable to the insured. Haynes v. Midland Nat. life Ins. Co., supra, and cases cited. Giving effect to the clause providing the time the policy was to be an obligation of the company, the premium entitled insured to 359 days' protection on which basis the policy was in force on the date of her death. This conforms to the rationale of our prior decisions from which we are not inclined to depart. The cases are not however in agreement. See Lentin v. Continental Assurance Company, 412 Ill. 158, 105 N.E.2d 735, 44 A.L.R.2d 463, and the annotation thereto in 44 A.L.R.2d at page 472. The reasoning of the court and the result reached in the Lentin opinion are in conformity with our cited decisions. The question of whether payment of premium be calculated from the date on the application and policy or the later date of delivery when it became effective is succinctly stated in the concurring opinion of Chief Justice Arterburn of the Indiana Supreme Court in State Security Life Insurance Co. v. Kintner, 1962, 243 Ind. 331, 185 N.E.2d 527, at 531.

Appellant urges the ambiguity in the policy, if any, was eliminated by conduct of plaintiffs in accepting the anniversary date and paying premiums on dates running from June 22nd to July 2nd in the years 1962, 1963, 1964 and 1965. That premiums were generally paid before the backdated July 1st of each year ignores the right of insured under the grace period to pay the premiums any time during the 31-day grace period and would penalize an insured by reason of prompt payment of premiums before due date and not taking advantage of the grace period. It further overlooks the well-known practice of in-

surance companies to accept payment of premiums several years in advance in discounted amounts and would similarly penalize insureds availing themselves of that privilege.

■ The trial court did not err in concluding the policy was in effect on the date of insured's death and the judgment is affirmed.

ROBERTS and RENTTO a nd HANSON, JJ., concur.

HOMEYER, J., dissents.

HOMEYER, Judge (dissenting).

I dissent. The Lyke case referred to by the majority can hardly be considered precedent to affirm. This case decided in 1919 merely states as "undoubtedly the correct rule of law" a concession in respondent's brief that payment of an annual premium provides coverage from the time the policy became effective for an entire year. It then computes the policy year from the issue date of the policy as distinguished from the date of approval of the application for insurance by the company which would have resulted in a lapse. I do not believe this case should be interpreted to hold that an unambiguous date fixed for payment of premiums in the insurance contract and agreed to by the parties can be disregarded. In fact it indicates the contrary. See D & P Terminal, Inc. v. Western Life Insurance Company, 8 Cir., 368 F.2d 743, 747.

Likewise what may have been believed to be a correct rule of law when that case was decided is not now even the majority view. See Annot., 44 A.L.R.2d 472 and Juster v. John Hancock Mutual Life Ins. Co., 194 Minn. 382, 260 N.W. 493, overruling Stramback v. Fidelity Mut. Life Ins. Co., 94 Minn. 281, 102 N.W. 731. Also Reid v. Bankers Life Co., 148 Neb. 604, 28 N.W.2d 542, overruling Cilek v. New York Life Ins. Co., 97 Neb. 56, 149 N.W. 49, 1071; Wall v. Mutual Life Ins. Co. of New York, 228 Iowa 119, 289 N.W. 901; Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660; Appleman, Insurance Law and Prac-

tice, § 7953, p. 165, 44 C.J.S. Insurance § 345, p. 1314, 43 Am.Jur.2d Insurance, § 544 et seq. The following statement appears in the **Southland** case, supra:

"As stated in Great Southern Life Insurance Co. v. Peddy, 139 Tex. 245, 162 S.W.2d 652, 653, 'The great weight of current decisions sustains the rule that when a policy specifically provides for the payment of premiums, and expressly specifies the date from which the premium period is to be computed, and makes that date the day on which recurring premiums are due and payable, such date will control, irrespective of the date on which the policy is delivered.' No public policy is violated by a contract between an insurance company and an insured whereby premiums are to be paid from the effective date of the policy rather than the date of its delivery, even though the effect thereof is to charge a premium for a period when the insured has no protection. It was pointed out in the case last-above cited, and in the case of Kurth v. National Life & Accident Insurance Co., Inc., Tex.Civ.App., 79 S.W.2d 338, writ refused, that it is to the interest of both parties to have a certain date upon which to calculate not only the due dates of premiums but the premium rate, cash and loan value, and the paid-up insurance benefits available to the insured. As observed in the case last cited, to fix an indefinite standard of obligation as between the insurer and the insured would play havoc with both."

The majority quotes language in the application dated July 6, 1961 as giving rise to an ambiguity between it and the policy proper. I do not so read it. Immediately preceding the paragraph from which the quotation is taken appears the following: "(14) Prorate first Premium Collect with application to next July 1. First Prem. $29.38 Annual Prem. thereafter $30.00. Is waiver of premium desired? Yes................, No................." The application was signed by the applicant and is part of the contract. It is clear that the first premium was for less than one year and computed from July 6th to the anniversary date of the policy

and the applicant issued his check in payment thereof at that time. There is no ambiguity or uncertainty either in the application or in the policy issued as to the period covered by the premium payment and when the next premium was due. The policy explicitly states:

"THE DATE OF EXPIRY JULY 1, 1968. CONVERSION PERIOD TO DATE OF EXPIRY. THE DATE OF ISSUE JULY 6, 1961. ANNIVERSARY DATE JULY 1, 1962 and Annually Thereafter. POLICY YEARS AND POLICY ANNIVERSARIES SHALL BE COMPUTED FROM THE ANNIVERSARY DATE * * * The consideration for this policy is the application therefor and the payment of the first premium of $29.38 dollars for the balance of the year to the anniversary date above and the further payment of annual premium of THIRTY AND 00/100 dollars on the Anniversary Date, shown above, and on each subsequent anniversary date during the lifetime of the Insured, until premiums hereon have been paid to the Date of Expiry."

In my opinion the contract is clear and unambiguous and fixes the premium payment date after the initial premium as July 1, 1962, and on July 1st of each subsequent year during the term of the policy. The problem here is one of simple contract law. It was so stated in Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 161 A.2d 717, in what appears to be an identical factual situation. The court there said:

"When the terms of an insurance contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties. * * * Absent statutory prohibitions, an insurance company has the right to impose whatever conditions it desires prior to assuming its obligations and such provisions should be construed in accordance with the language used. * * * This rule applies with equal force to the selection of the dates on which premium

payments are to be made. The parties may agree upon such dates and where the time of payment is thus specified by the terms of the policy, those terms control and the date so fixed is binding on both parties."

The majority relies heavily on the Haynes case to support an affirmance. In Haynes, the court found an ambiguity which is not here present. Likewise, the facts in Haynes were materially different. In Haynes, the court said:

"Here the parties did not clearly express their intention in the policies. The policies are silent as to when any monthly payment of premium is to be made. The policies provide for an annual payment  *  *  *."

Later,

"here there was no day fixed for the payment of a monthly premium  *  *  *.  Not having clearly and definitely stated that the policies issued—however different from the policies applied for in increase of premium, deprival of extended insurance, or otherwise—should be in effect from February 24th, the company must accept the consequences resulting from its own failure to state the contract definitely and clearly. There are many cases where insured has been held bound to pay for a full premium period though a considerable part of the premium period had elapsed before the insurance was in force, but here at least an entire monthly premium period had elapsed before the insurance became effective. There was no quid pro quo whatever for the first month's premium if the time was measured from the only date mentioned in the policy, February 24th."

The Haynes case was analyzed by Judge Gibson in D & P Terminal, Inc. v. Western Life Ins. Co. (Nov. 1966) supra, in which analysis I concur. I also believe applicable to the present situation the court's statement in that case:

"However, in the case before us, even if we assume **arguendo** that some ambiguity existed as to the initial span of coverage, as the years pass this initial ambiguity fades. The exact date of delivery is unrecorded on the policy, and perhaps is long forgotten; all that remains is the obvious date on the policy which calls for payment. In such a situation the insured must surely realize that he is expected to pay the premiums on these dates, and if he fails to do so the policy is subject to lapse. * * * We believe the policy is clear, the intention is clear, and any conceivable initial ambiguity was cured by the passage of time and the payment of five quarterly premiums.

The policy is not subject to doubts that must be resolved in plaintiff's favor. Under South Dakota law there was a lapse * * *".

The record here clearly shows after payment of the initial prorated premium subsequent annual premiums were paid respectively as noted in the records at the home office of the company as follows: June 26, 1962, July 2, 1963, June 30, 1964 and June 22. 1965.