**VERN EIDE BUICK, INC., a corporation, Plaintiff and Respondent,**

v.

**UNITED STATES FIDELITY & GUARANTY CO., a corporation, Defendant and Appellant.**

**No. 12223.**

Supreme Court of South Dakota.

Argued Oct. 3, 1977.

Decided Dec. 20, 1978.

Gale E. Fisher of May, Johnson & Burke, Sioux Falls, for plaintiff and respondent.

Steve Bell, Legal Intern, Lyle J. Wirt of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellant.

ZASTROW, Justice.

The defendant, United States Fidelity and Guaranty Co. (USF & G) appeals from a judgment in favor of plaintiff, Vern Eide Buick, Inc. (Vern Eide). We affirm.

USF & G issued an automobile physical damage insurance policy to Vern Eide, an automobile dealership. The policy provided coverage for damage to automobiles owned or hired by the named insured. This policy was in full force and effect during December, 1975.

Two of Vern Eide's automobiles were damaged in December, 1975. One was damaged in a collision; the other was damaged by vandals. Pursuant to the policy provisions,[1] USF & G requested that Vern Eide make the necessary repairs in its body shop. Upon completion of the repairs in

---

1. "4. Payment for Loss. The Company may pay for the loss in money or may repair or replace the damaged or stolen covered automobile or part thereof; but if requested by the company or named insured shall replace such covered automobile or part or furnish the labor and materials necessary for the repairs thereto and the company shall pay only the actual cost to the named insured."

January, 1976, Vern Eide submitted its claims for $504.68 and $97.65 to USF & G.

The insurance policy specifically provided that USF & G would pay only the "actual cost" of repairs made by the named insured in its own repair shop. USF & G interpreted the phrase "actual cost" to mean the insured's retail charge for parts and labor less any profit or overhead expenses. USF & G reduced the retail cost of parts by 25%; it reduced the labor charge by 10%. Accordingly, it tendered Vern Eide $180.53 and $61.10 as settlement of its claims.[2]

Vern Eide interpreted "actual cost" as being its total retail charge less its net profit. By using its calculations, Vern Eide felt entitled to $224.81 and $68.28.[3] The difference between USF & G's and Vern Eide's calculations amounts to $58.78.

Both parties agree that "actual cost" under the policy does not include the payment of any profit to Vern Eide for repairing the damage. Their disagreement centers over the method of determining the amount of profit included in the claims.

The trial court concluded that the policy issued by USF & G precluded the recovery of any net profit by Vern Eide for repairing the damage to the automobiles. The court determined that the "actual cost" of repairs made by Vern Eide at the request of USF & G included parts, labor, material, overhead[4] and all other expenses except the net profit shown by Vern Eide's financial statement at or near the time of repairs.

This court has long maintained the position that an insurance policy subject to differing interpretations will be construed in the manner most favorable to the insured. *Duerksen v. Brookings International Life & Casualty Co.*, 84 S.D. 20, 166 N.W.2d 567; *Edge v. St. Paul Fire & Marine Ins. Co.*, 20 S.D. 190, 105 N.W. 281; *Kennedy v. Agricultural Insurance Co.*, 21 S.D. 145, 110 N.W. 116; *Christensen v. Royal Ins. Co. of Liverpool*, 65 S.D. 246, 272 N.W. 820; *Cramer v. American Alliance Ins. Co.*, 72 S.D. 509, 37 N.W.2d 192, 9 A.L.R.2d 577; *Strong v. State Farm Mutual Insurance Co.*, 76 S.D. 367, 78 N.W.2d 828; *Wilson v. Allstate Ins. Co.*, 85 S.D. 553, 186 N.W.2d 879; *Dairyland Insurance Co. v. Kluckman*, 86 S.D. 694, 201 N.W.2d 209. Had USF & G intended that the "actual cost" be determined by a percentage reduction of the dealer's retail charge and that it not include any overhead expenses, such could easily have been set forth in the insurance policy.

The insurance company's omission of a definition for actual cost created an ambiguity in the policy and opened the door for two differing interpretations of "actual cost." To allow USF & G to deduct 25% from the cost of the parts and 10% from the cost of labor with no allowance for Vern Eide's overhead expenses in effect would require Vern Eide to suffer a loss the insurance policy did not expressly exclude. We must, therefore, construe the contract in the manner most favorable to the insured.

2. USF & G calculated the tendered payment as follows:

| CLAIM | $97.65 | CLAIM | $504.68 |
|---|---|---|---|
| Less: 25% of parts charge of $46.20 | 11.55 | Less 25% of parts charge of $197.25 | 49.31 |
| | $86.10 | | $455.37 |
| Less deductible | 25.00 | Less 10% of labor charge of $248.40 | 24.84 |
| | $61.10 | | $430.53 |
| | | Less deductible | 250.00 |
| | | | $180.53 |

USF & G claims that the 25% and 10% reduction of the retail cost of parts and labor are necessary in that those amounts represent a national average markup on parts and labor in the automobile repair business. The 10% figure, however, does allow for some profit, according to their adjuster.

3. From Vern Eide's records for January, 1976, it was determined that its "net profit" for labor was 4.47% and its "net profit" for parts was 8%.

The invoice for vandalism damage totalled $93.00. After deducting 4.47% net profit and a $25.00 deductible and including sales tax, a $68.28 recovery should be allowed according to Vern Eide.

The invoice for collision damage shows $283.40 for body shop labor and materials, and $197.25 for parts. After deducting 4.47%, 8%, and a $250.00 deductible, the balance due under Vern Eide's calculations is $224.81.

4. Overhead includes rent, taxes, heat, electricity, equipment and depreciation.

*Duerksen v. Brookings International Life & Casualty Co.,* supra. The trial court's finding that actual cost includes overhead but not profit is not "clearly erroneous" with SDCL 15–6–52(a). The judgment is affirmed.

WOLLMAN, C. J., and DUNN, J., concur.

PORTER, J., concurs in result.

MORGAN, J., deeming himself disqualified, did not participate in this opinion.